UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHERRIE L. DURHAM            ]
    Petitioner,          ]
                             ]
v.                           ]     No. 3:06-0459
                             ]     Judge Echols/Bryant
SUPREME COURT OF TENNESSEE,  ]
ET AL.                       ]
    Respondents.         ]

To: Honorable Robert L. Echols, District Judge

### REPORT AND RECOMMENDATION

On May 26, 2006, the Court entered an order (Docket Entry No. 24) referring this action to the Magistrate Judge for consideration of all pretrial matters. The Magistrate Judge was also instructed to consider all dispositive motions and "submit proposed findings of fact and recommendations for disposition."[1]

Presently pending before the Court are the respondents' Motion to Dismiss (Docket Entry No. 35), petitioner's Response in Opposition to the Motion to Dismiss (Docket Entry No. 52), and motions from the petitioner for discovery (Docket Entry No. 76), for an Expedited Ruling on the Motion to Dismiss (Docket Entry No. 78), for a Preliminary Injunction (Docket Entry No. 89) for the Issuance of Subpoenas (Docket Entry No. 92), and for Leave to Reply to the Respondents' Responses (Docket Entry No. 96).

---

[1] This action was originally assigned to Magistrate Judge Juliet Griffin. However, pursuant to Administrative Order No. 138-4, the case was transferred to the docket of the undersigned on August 28, 2006. *See* Docket Entry No. 54.

1

The undersigned has carefully reviewed these pleadings and finds, for the reasons stated below, that the respondents' Motion to Dismiss has merit. Accordingly, the Magistrate Judge respectfully recommends that the respondents' motion should be granted and that this action be dismissed.

## I. BACKGROUND

The petitioner, proceeding *pro se*, is a licensed attorney living in Mt. Juliet, Tennessee. She brings this action for declaratory judgment against individual members of the Tennessee Supreme Court[2]; Lance Bracy, Chief Disciplinary Counsel for the Board of Professional Responsibility; Deborah Story, Commissioner of the Tennessee Department of Personnel[3]; James Neeley, Commissioner of the Tennessee Department of Labor and Workforce Development; and David Shearon, Executive Director of the Tennessee Commission on Continuing Legal Education and Specialization.[4]

In June, 1998, the petitioner was hired by the Tennessee Department of Labor as an Unemployment Hearing Officer. In this position, she conducts contested unemployment hearings

---

[2] The Justices include William Barker, currently serving as Chief Justice; E. Riley Anderson, retired Associate Justice; Adolpho Birch, Jr., former Chief Justice retired; Cornelia Clark, Associate Justice; and Janice Holder, Associate Justice.

[3] Nat Johnson, in his official capacity as Acting Commissioner of the Tennessee Department of Personnel, was named in the original Petition as a respondent. Mr. Johnson, however, has since been permanently replaced by Deborah Story. As Mr. Johnson's successor in office, Ms. Story is "automatically" substituted for Mr. Johnson as a party. *See* Rule 25(d)(1), Fed. R. Civ. P.

[4] In the original Petition for Declaratory Judgment (Docket Entry No. 1), the petitioner named as respondents the Supreme Court of Tennessee, the Board of Professional Responsibility and the Tennessee Commission on Continuing Legal Education and Specialization. These respondents were dismissed from the action by an order (Docket Entry No. 8) entered May 11, 2006. In an amended Petition for Declaratory Judgment (Docket Entry No. 10), the petitioner replaced these respondents with Barker, Anderson, Birch, Clark, Holder, Bracy and Shearon.

2

and renders decisions as to eligibility for unemployment benefits. An Unemployment Hearing Officer must have graduated from an approved law school but need not be a licensed attorney. Docket Entry No. 1; Exhibit A at pgs. 40-41.

As a licensed attorney in Tennessee, the petitioner is subject to various requirements set forth by the Tennessee Supreme Court. These requirements include the payment of an annual registration fee to the Board of Professional Responsibility for all attorneys engaged in the practice of law (Rule 9, § 20.1, Rules of the Tennessee Supreme Court) and annual attendance at fifteen (15) hours of continuing legal education (CLE)(Rule 21, § 3, Rules of the Tennessee Supreme Court).[5]

The petitioner would like an exemption from the payment of the annual registration fee and the CLE requirement. Docket Entry No. 1 at pg. 38. She has reason to believe, however, that her duties as an Unemployment Hearing Officer constitute the practice of law, thus depriving her of any opportunity to claim such an exemption. Docket Entry No. 1; Exhibit B at pg. 42. The petitioner claims that the annual registration fee and CLE requirements are unconstitutional because they infringe upon her rights as set forth in the First and Fourteenth Amendments.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the petitioner can prove no set of facts in support of her alleged claims which would entitle her to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the allegations in the petitioner's petition are liberally construed and taken as true. <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir.

---

[5] The annual registration fee is currently set at $135.00. Docket Entry No. 90 at pg. 23.

1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the petition must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

### III. DISCUSSION OF THE LEGAL ISSUES

In their Motion to Dismiss (Docket Entry No. 35), the respondents argue that the amended Petition for Declaratory Judgment (Docket Entry No. 10) should be denied because the Court has no subject matter jurisdiction based upon the Rooker-Feldman doctrine. It is further asserted that the petitioner has failed to state a claim upon which relief can be granted.

**A.) Applicability of the Rooker-Feldman Doctrine**

Prior to the initiation of this action, a petition was filed in the Tennessee Supreme Court asking "for a ruling to determine whether Petitioner is engaged in the practice of law. If the Court determines that Petitioner is not engaged in the practice of law, Petitioner requests the Court to decide whether Tennessee Supreme Court Rule 9, Section 20 is constitutional." Docket Entry No. 1; Exhibit D at pg. 44. The Tennessee Supreme Court, on jurisdictional grounds, refused to address the merits of the petition. Docket Entry No. 1; Exhibit E at pg. 53.

In their Motion to Dismiss, the respondents assert that the petitioner is asking this Court to review the decision rendered by the Tennessee Supreme Court. Docket Entry No. 35 at pg. 3. They argue that, pursuant to the teachings of Rooker-Feldman, this Court has no subject matter jurisdiction to conduct such a review.

In a series of Supreme Court cases, it was held that a federal district court lacks jurisdiction to entertain a challenge to a state court decision arising out of a judicial proceeding,

4

even if the challenge alleges that the state court action was unconstitutional. These holdings are more commonly known as the Rooker-Feldman doctrine. This doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

While the Rooker-Feldman doctrine bars a challenge to a particular state court decision arising from a judicial proceeding, it does not preclude "general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

In this case, the Tennessee Supreme Court did not render a final judgment as to the merits of the petitioner's claims. And the petitioner has not asked the Court to review the judgment of the Tennessee Supreme Court in this proceeding. Docket Entry No. 52 at pg. 3. Therefore, the Rooker-Feldman doctrine is not applicable here and does not bar the petitioner's claims in this instance.

**B.) First Amendment Claim**

The petitioner has described her First Amendment claim as arising because she "has no way of getting a resolution of the problems in her case because members of the Judicial and Executive Branches of government will not speak to each other." She continues by explaining that no state court remedies are available to her. Docket Entry No. 52 at pgs. 4-5. From this description, it seems that the petitioner's First Amendment claim rests upon an assertion that she has been denied access to the state courts as a forum for the airing of her grievances.

5

The First Amendment guarantees the people the right "to petition the Government for a redress of grievances." To facilitate the exercise of this guarantee, the First Amendment has been found to encompass an individual's right of access to the courts. *See* Bounds v. Smith, 430 U.S. 817 (1977).

In its decision denying her request for relief, Docket Entry No. 1; Exhibit E at pg. 53, the Tennessee Supreme Court informed the petitioner that her claims could be addressed by the state courts in an action for declaratory judgment. Tenn. Code Ann. § 29-14-102.[6] Despite this instruction, the petitioner chose to bring her claims to federal court rather than pursue them through the state judicial system. No one impeded the petitioner's ability to file an action for declaratory relief in the state courts. As a consequence, the amended petition lacks any factual allegations that would support a First Amendment claim.

**C.) Due Process Claim**

The petitioner states that "the primary issue that is pending before this Court is not whether something is or is not the practice of law. The problem presented to this Court is that the petitioner has no remedy to obtain an answer to that question without first either losing her law license or her job." Docket Entry No. 53 at pg. 8. In short, the petitioner claims that her right to procedural due process has or will be violated "because the Rules do not afford any method of appeal.....". Id., at pg. 9.

---

[6] Tenn. Code Ann. § 29-14-102 provides as follows:
 (a) Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.
 (b) No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.
 (c) The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.

6

The Fourteenth Amendment prohibits States from depriving citizens of life, liberty or property without due process of law. Wolff v.McDonnell, 418 U.S. 539, 558 (1974). To qualify as an interest worthy of due process protection, the life, liberty or property interest must be more than "an abstract need or desire." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). The interest must be based on a legitimate claim of entitlement, rather than a "unilateral hope". Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 465 (1981).

The procedural component of the Due Process Clause requires the State to provide an individual with an opportunity to be heard in a meaningful manner before the decision is made to infringe upon her life, liberty or property. Loudermill v. Cleveland Board of Education, 721 F.2d 550, 563 (6th Cir. 1983), *aff'd,* 470 U.S. 532 (1985). Procedural due process is intended to minimize the risk of substantial error, to assure fairness in the decision-making process, and to insure that the individual affected has a participatory role in the process. Howard v. Grinage, 82 F.3d 1343, 1349 (6th Cir. 1996).

An attorney has a property interest in her law license, and she maintains that property interest by complying with the administrative requirements established for the annual registration process. Greening v. Moran, 739 F.Supp. 1244, 1251-52 (C.D. Ill. 1990).[7] When an attorney licensed in Tennessee fails to timely pay the annual registration fee, she will be "summarily suspended, provided a notice of delinquency has been forwarded to the attorney by certified mail, return receipt requested, addressed to the attorney's last known business address

---

[7] In her amended petition, the petitioner claims that she has paid the annual registration fee to the Board of Professional Responsibility for 2006. Docket Entry No. 10 at pg. 25. It is not clear, however, whether she successfully completed the annual fifteen hours of CLE required of licensed attorneys.

at least 30 days prior to such suspension, unless the attorney shall have been excused on grounds of financial hardship pursuant to procedures established by the Board." Rule 9, § 20.3, Rules of the Tennessee Supreme Court.[8] The Rules further provide that, during the 30-day period prior to suspension, an attorney is given an opportunity "to demonstrate compliance with the requirements of 20.1 and 20.5 above." Rule 9, § 20.6, Rules of the Tennessee Supreme Court. Thus, to the extent that the petitioner is required to pay an annual registration fee, she is given notice and an opportunity to respond before her law license will be suspended for non-compliance.[9]

With regard to the CLE requirement, the Rules of the Tennessee Supreme Court specifically state that

> **7.11** An attorney may request a hearing before the Commission in regard to a recommendation of suspension or a recommendation against reinstatement. Additionally, any attorney not finding suitable relief before the Commission may petition the Supreme Court for modification or reversal of actions of the Commission.

Rule 21, § 7.11, Rules of the Tennessee Supreme Court.

Therefore, the Rules being challenged by the petitioner do not violate her right to due process. The Rules provide for notice and an opportunity to challenge the suspension of her law license either for failure to pay the annual registration fee or for failure to complete the requisite

---

[8] When the petitioner did not timely pay her annual registration fee for 2006, she received a Notice from the Board of Professional Responsibility informing her of the deficiency and the potential consequences for failing to make the payment. Docket Entry No. 1; Exhibit C at pg. 43.

[9] In any event, the state courts offer post-deprivation process for those who wish to challenge the suspension of their law licenses.

8

CLE hours. Consequently, the petitioner has failed to state a due process claim upon which relief can be granted.

**D.) Equal Protection Claim**

Finally, the petitioner claims that her right to the equal protection of the law has been violated because nonlicensed law school graduates who are employed as Unemployment Hearing Officers are not required, as she is, to comply with the Rules of the Tennessee Supreme Court. Docket Entry No. 52 at pgs. 4-5.

The Equal Protection Clause of the Fourteenth Amendment guarantees that "all persons similarly situated shall be treated alike." Plyler v. Doe, 457 U.S. 202 (1982). In this case, non-licensed law school graduates are not similarly situated to attorneys licensed by the State of Tennessee, even though they may perform the same duties for the same employer. The privilege of a law license brings with it certain responsibilities and obligations that are not applicable to those without a license. Accordingly, the petitioner has failed to state a claim arising under the Equal Protection Clause that would entitle her to relief.

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the respondents' Motion to Dismiss has merit. Therefore, the Magistrate Judge respectfully RECOMMENDS that the motion be GRANTED and that this action be DISMISSED for failure to state a claim. Rule 12(b)(6), Fed. R. Civ. P. It is further RECOMMENDED that the petitioner's pending motions for discovery, for an Expedited Ruling on the Motion to Dismiss, for a Preliminary Injunction and for the Issuance of Subpoenas and for Leave to File a Reply to Respondents' Responses should be DENIED as MOOT.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

      Respectfully submitted,

      s/ John S. Bryant
      JOHN S. BRYANT
      United States Magistrate Judge

10

Case 3:06-cv-00459   Document 97   Filed 01/29/07   Page 10 of 10 PageID #: 663