UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERRIE L. DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:06-0459 |
| v. ) | JUDGE ECHOLS |
| ) | |
| WILLIAM M. BARKER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on January 29, 2007 (Docket Entry No. 97), the Petitioner's Objections to Magistrate Bryant's Report and Recommendation (Docket Entry No. 100), the Defendants' Response to Plaintiff's Objections (Docket Entry No. 102), and the Defendants' Motion to Dismiss (Docket Entry No. 35), as well as other motions. The Magistrate Judge recommends dismissal of this suit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and dismissal of certain pending motions as moot.

## I. STANDARDS OF REVIEW

When a party makes timely objections to an R&R, the Court must conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Id.

In considering a Rule 12(b)(6) motion to dismiss, the Court must take as true the allegations of Plaintiff's Amended Complaint, and the Court may not dismiss the suit unless Plaintiff can prove

1

no set of facts in support of her claims which would entitle her to relief. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

## II. ANALYSIS

### A. Plaintiff's allegations and claims

Plaintiff's first objection that the Magistrate Judge cited to the original Complaint, and not to the Amended Complaint, is sustained. The Amended Complaint is the controlling pleading in the suit, and the Court will rely on its provisions. Although the R&R sets forth an abbreviated description of the facts and claims Plaintiff raised, the Court will explore Plaintiff's allegations in greater depth in light of her numerous objections that the Magistrate Judge "made incorrect findings of fact." In the Court's view, the R&R does not make any findings of fact, but recognizes the appropriate standard of review for ruling on a Rule 12(b)(6) motion as stated above, and the R&R takes the facts as stated by Plaintiff in a light most favorable to her. To the extent Plaintiff suggests that the R&R renders an incomplete statement of Plaintiff's allegations and does not thoroughly capsulize her complaints, such an objection is sustained. The length of Plaintiff's pleading nonetheless requires this Court to reduce it to its essence.

Plaintiff brought this action under 42 U.S.C. § 1983 against former and current members of the Supreme Court of Tennessee, Lance B. Bracy, Chief Disciplinary Counsel of the Board of Professional Responsibility, and David N. Shearon, Executive Director of the Tennessee Commission on Continuing Legal Education and Specialization, all in their official and individual capacities, as well as Nat Johnson, Acting Commissioner of the Tennessee Department of Personnel

in his official capacity,[1] and James G. Neeley, Commissioner of the Tennessee Department of Labor and Workforce Development in his official and individual capacity. Plaintiff is a licensed Tennessee attorney who is employed by the State of Tennessee as a career service Unemployment Hearing Officer II. The job description for Plaintiff's position requires a law school education, but not a law license. Plaintiff's employer hires individuals to serve as unemployment hearing officers who do not have current Tennessee law licenses or law degrees.

Plaintiff alleges that Mr. Bracy informed Plaintiff by letter written in response to her petition that, as a state unemployment hearing officer, she is engaged in the practice of law as defined in Tennessee Supreme Court Rule 9, Section 20.2(e) and she is not exempt from paying the annual registration fee to the Board of Professional Responsibility. (Docket Entry No. 10, Amended Complaint, 10-3, Ex. B, Bracy Letter.) Plaintiff further alleges that her employer refuses to recognize Mr. Bracy's letter because the employer did not receive the letter directly, and although Plaintiff asked both Mr. Bracy and Department of Labor officials to contact one another to discuss their differing views as to whether unemployment hearing officers engage in the practice of law, they refuse to do so. (Amended Complaint ¶ 48.) Although Plaintiff's employer pays her yearly state privilege tax assessed under Tenn. Code Ann. § 67-4-1701, the employer has refused to pay the annual registration fee to the Board of Professional Responsibility. (Id., 10-5, Ex. D, Petition to Supreme Court ¶ 14.)

---

[1]The Magistrate Judge notes Mr. Johnson was replaced by Deborah Story, who is substituted as a party under Federal Rule of Civil Procedure 25(d)(1). Plaintiff points out in her objections that recent retirements and one appointment have changed the composition of the Supreme Court of Tennessee, and that she considers all such former and current members as Defendants in this suit.

Plaintiff alleges that she is unable to place her bar license on inactive status based on Mr. Bracy's letter, (Amended Complaint ¶ 49), her employer will not pay her annual fee thus causing a denial of equal protection when she is compared to hearing officers without law licenses who are not required to pay the annual fee, and her employer declines to pay her the equivalent of an administrative law judge salary (¶¶ 82-85). If she fails to pay the annual fee, obtain the required number of continuing legal education ("CLE") credits, and file an annual report, she is subject to discipline under Tennessee Supreme Court Rule 9, including suspension of her law license and the imposition of various fees. (Id. ¶¶ 50-51, 60.) Plaintiff further alleges that, if she were to fail to pay her annual fee, maintain her CLE credits, and return the annual report, there is no provision in Rule 9 giving her an opportunity to "plead her case" to the Board of Professional Responsibility before a suspension order is sent to the Supreme Court. (Id. ¶¶ 51-52, 61.) Should she continue to work as an unemployment hearing officer if her law license is suspended for failure to pay the annual fee and maintain CLE credits, she faces even more dire consequences, (id. ¶ 53, 63), yet unemployment hearing officers without Tennessee law licenses, some of whom have been disbarred in other jurisdictions or who are not even attorneys, do not face the same potential for discipline under Rule 9 as Plaintiff does. (Id. ¶¶ 58-59, 63-64.)

Further, Plaintiff alleges that, as an attorney licensed in Tennessee, she is bound by the Tennessee Rules of Professional Conduct, and her supervisors demand that she engage in conduct that would violate those Rules. Because Plaintiff has resisted her employer's alleged efforts to place her in a position that would cause her to violate the Rules of Professional Conduct, she claims to have suffered employment discipline in the form of negative evaluations and she is in fear of losing her employment. (Id. ¶¶ 67, 71-74.)

4

Plaintiff submitted a "Petition" to the Supreme Court of Tennessee. (Amended Complaint, 10-5, Ex.D.) In a per curiam Order, the Supreme Court construed the Petition as seeking a determination whether Plaintiff's employment "duties cause her to be engaged 'in the practice of law' so as to render her liable for payment of the annual fee assessed by the Board of Professional Responsibility." (Id., 10-6, Order.) The Supreme Court declined to consider the merits of the petition because its jurisdiction is appellate only except for certain inapplicable circumstances, and a "decision on the constitutionality of the Supreme Court Rule whether in substance or as applied to petitioner, would amount to a declaratory judgment. In that our jurisdiction is appellate only, this is not the appropriate forum in which to seek relief." (Id.) In a footnote to this latter sentence, the Supreme Court directed Plaintiff to Tenn. Code Ann. ¶ 29-14-102 (2000) and a Tennessee case on declaratory judgment. (Id.)

Plaintiff did not file a declaratory judgment action in state court. Rather, in the Amended Complaint filed in this Court Plaintiff raises claims against all Defendants for denial of her due process and equal protection rights, denial of her First Amendment rights, and for violation of the Commerce Clause.

## B. Defendants' Motion to Dismiss and the R&R

Defendants moved to dismiss Plaintiff's Amended Complaint for lack of jurisdiction pursuant to the Rooker-Feldman doctrine, asserting that "Plaintiff is dissatisfied with a decision made by the Tennessee Supreme Court and seeks to have a United States District Court review that decision[.]" (Docket Entry No. 35, Motion to Dismiss at 2.) Although the Defendants cited both Rule 12(b)(1) and Rule 12(b)(6), Defendants' supporting Memorandum discussed only the jurisdictional basis for dismissal and did not address the lack of legal merit in Plaintiff's

5

constitutional claims. In a closing paragraph of the supporting Memorandum entitled "Conclusion," Defendants stated only: "Further, Plaintiff simply fails to assert a justiciable claim." (Docket Entry No. 36, Memorandum at 6.) The Magistrate Judge properly noted that the Rooker-Feldman doctrine does not apply in this case because the Tennessee Supreme Court did not render a final judgment on the merits which Plaintiff seeks to challenge in this case.

Plaintiff's second objection is, however, that the Magistrate Judge "created and relied upon issues that were not raised by the respondents in their Motion to Dismiss" for failure to state a claim and she "should have been given an opportunity to respond to the Magistrate's theories before a recommendation was made." (Docket Entry No. 100, Objections at 2.) But Plaintiff herself addressed Defendants' Motion to Dismiss by asserting that her Amended Complaint does state a claim. In her response to the Motion to Dismiss, Plaintiff reminded the Court that she had alleged facts stating due process and equal protection claims. She also reiterated that she had no way to resolve her dilemma "because members of the Judicial and Executive Branches of Government will not speak to each other[,]" and the Tennessee Supreme Court's Rules do not provide a means by which she could take her case to a state court, thus violating her First Amendment rights, which the Magistrate Judge properly construed as a denial-of-access-to-the-courts claim.[2] These legal claims

---

[2]Plaintiff did not mention her Commerce Clause claim and faults the Magistrate Judge for not considering it in the R&R, but the Amended Complaint does not state a claim under the dormant Commerce Clause. Plaintiff asserts in her Amended Complaint at ¶ 81 that she has tried to obtain employment in North Carolina and West Virginia as an unemployment hearing officer, but these attempts failed because she must have a bar license in those states and she alleges she cannot meet the comity requirements for bar admission because the Tennessee Department of Personnel does not recognize that she is currently engaged in the practice of law. The Department's determination that unemployment hearing officers employed by the State of Tennessee do not engage in the practice of law is not the sort of state regulation designed to benefit in-state economic interests by burdening out-of-state economic interests that the dormant Commerce Clause was meant to preclude. See LensCrafters, Inc. v. Robinson, 403 F.3d 798, 802 (6th Cir. 2005); Tolchin v. Supreme Court of the

6

identified by Plaintiff are the same ones addressed in the R&R, even though the Magistrate Judge's analysis may differ slightly from that ultimately reached in this opinion. Plaintiff has fully aired her claims in her Objections and Memorandum in Support. Thus, neither the R&R nor this opinion rests on a *sua sponte* dismissal in opposition to which the Plaintiff has not had a chance to be heard. The objection is overruled.

Plaintiff observes that, in analyzing her claims, the Magistrate Judge did not make any distinction between the judicial Defendants (Supreme Court Justices, Mr. Bracy, and Mr. Shearon) and the non-judicial Defendants (Commissioners of State Departments). This is true, and the objection is sustained because the Court must evaluate the legal worthiness of the claims as they are made against particular Defendants. Therefore, the Court must expand on the Magistrate Judge's analysis. However, Plaintiff's numerous objections to the legal rulings made by the Magistrate Judge are overruled for the reasons that follow.

Plaintiff does not allege that she has been subjected to bar discipline of any kind or that she has been deprived of her employment through termination. Plaintiff is concerned that such events may occur in the future and this prompted her to seek declaratory judgment and injunctive relief in this Court.

Recognizing that Plaintiff has not been subjected to bar discipline or employment termination, the Court agrees with, adopts, and expands the analysis stated in the R&R at pages 7-9. Every Tennessee licensed attorney is required to pay the annual fee, Rule 9, § 20.1; however, Rule 9, § 20.2 provides that an attorney who is not engaged in the practice of law is entitled to an

---

State of N.J., 111 F.3d 1099, 1106 (3rd Cir. 1997).

7

exemption.  Thus, even if the annual fee is initially assessed, Rule 9, § 20.6, provides Plaintiff with an opportunity to establish her compliance either by paying the annual fee or by demonstrating to the Board of Professional Responsibility that she does not believe she is engaged in the practice of law and thus is exempt from payment of the annual fee under Rule 9, § 20.2(e).  Rule 9, § 20.6 provides Plaintiff with a period of thirty (30) days to make such a showing before the Board forwards a summary suspension order to the Supreme Court.  Plaintiff makes no allegation that she ever attempted to raise her concerns before the Board and was rejected, presumably because Plaintiff admits she paid the 2006 annual fee and bar discipline did not proceed.

Similarly, Tennessee Supreme Court Rule 21, § 7.06 allows an attorney to submit an affidavit showing compliance with CLE requirements and  § 7.11 allows an attorney to request a hearing before the Tennessee Commission on Continuing Legal Education and Specialization to show compliance with CLE requirements.  Thus, Plaintiff is given notice and an opportunity to be heard before any suspension order is entered for failure to complete CLE credits.  Plaintiff does not allege that she ever asked for such a hearing and was denied.  Thus, Plaintiff cannot state a claim against the judicial Defendants for denial of due process.

Plaintiff has not alleged any facts supporting a claim that her state employer denied her due process by depriving her of a property right to her career service position without an opportunity to be heard or that it would do so.  Plaintiff is still employed,  and although she alleges she received negative performance evaluations, she does not allege that her state employer denied her any process she was due to respond to those negative evaluations.  Thus, Plaintiff's Amended Complaint fails to state a due process claim against all Defendants.

The Equal Protection Clause prohibits states from making "distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." Radvansky v. City of Olmstead Falls, 395 F.3d 291, 312 (6th Cir. 2005). Plaintiff cannot make out an Equal Protection claim against the judicial Defendants because she has not alleged that they treated her differently than any other attorney licensed in Tennessee. See Wilson v. Morgan, 2007 WL 268245 at *4 (6th Cir. 2007).

Plaintiff cannot make out an Equal Protection claim against the employer Defendants because she cannot allege that she, as a Tennessee licensed attorney hearing officer, is similarly situated to non-Tennessee licensed attorney hearing officers or non-attorney hearing officers. See Club Italia Soccer & Sports Org., Inc. v. Charter Township, 470 F.3d 286, 298 (6th Cir. 2006) (plaintiff must demonstrate government treated plaintiff disparately as compared to similarly situated persons and that such disparate treatment had no rational basis). Plaintiff admits that the employer Defendants do not require any unemployment hearing officer to maintain a Tennessee law license and in fact, the employer takes the position, rightly or wrongly, that unemployment hearing officers are not engaged in the practice of law. Thus, Plaintiff's Amended Complaint fails to state an Equal Protection claim against all Defendants, and the Court adopts the result reached by the Magistrate Judge at page 9 of the R&R.

Finally, Plaintiff's claim for denial of access to the courts must fail for the reason given by the Magistrate Judge. Under Tenn. Code Ann. § 29-14-102, Plaintiff could have filed a declaratory judgment action in Tennessee state court to obtain a resolution of her concern that two branches of State government take diametrically opposed positions affecting her status as a state employee and as a licensed attorney. This is the remedy the Supreme Court of Tennessee suggested but which

9

Plaintiff ignored in favor of filing this action in federal court. Plaintiff contends that the Supreme Court of Tennessee has original jurisdiction over issues pertaining to the practice of law, see Petition of Burson, 909 S.W.2d 768, 773 (Tenn. 1995), yet Plaintiff does not acknowledge that this Court does not sit as a higher appellate court to second-guess the reasons why the Supreme Court of Tennessee declined to exercise jurisdiction over Plaintiff's petition. Plaintiff states she "does not object to payment of the annual fee and CLE requirements if the Court orders the other hand of the State of Tennessee to recognize the findings of the Judicial Branch." (Objections at 3-4.) The state courts are uniquely structured to resolve such a fundamental question of state law. Therefore, Plaintiff's objections as to this claim are overruled, and the Court adopts the R&R's analysis of the First Amendment claim at pages 5-6.

### III. CONCLUSION

For all of the reasons stated, Plaintiff's objections to the R&R are sustained in part and overruled in part. The R&R will be accepted as modified in this opinion. Defendants' Motion to Dismiss for failure to state a claim will be granted, and all other outstanding motions will be denied as moot.

An appropriate Order will be entered.

 _____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

10