IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERRIE L. DURHAM ) | |
| ) | |
| v. ) | No. 3:06-0459 |
| ) | Judge Sharp/Bryant |
| THE SUPREME COURT OF TENNESSEE, ) | |
| ET AL. ) | |

To:  The Honorable Kevin Sharp, District Judge

## REPORT AND RECOMMENDATION

Six and one-half years ago, on March 14, 2007, plaintiff Sherrie L. Durham's pro se complaint in this case was dismissed and final judgment was entered against her. (Docket Entry No. 107) That judgment of dismissal was affirmed by the Sixth Circuit Court of Appeals on May 19, 2008. (Docket Entry No. 143)

On February 8, 2013, plaintiff filed her pro se "Motion to Reopen Case and Enforce Findings of Declaratory Judgment and/or Reduce Findings to an Order or Vacate Order" (Docket Entry No. 145), by which she seeks to have this long-closed case reopened. Defendants responded in opposition (Docket Entry No. 147), and plaintiff has filed a reply to that response (Docket Entry No. 148). Plaintiff contends that, in dismissing her complaint upon finding that it failed to state a claim upon which relief could be granted, this Court made declarations as to the applicable provisions of the Tennessee Supreme Court Rules (as they then existed) which were affirmed by the Sixth Circuit Court of Appeals and are now enforceable against the defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., to obtain relief from violations of their declared duties that have occurred since

final judgment was entered. Defendants respond that the case cannot be reopened upon any such showing, but may only be pressed as a new lawsuit, if plaintiff should elect to so proceed.

The Declaratory Judgment Act allows that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Plaintiff's motion to reopen this case is based on the second and final section of the Act, which provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

However, the statutory allowance for "further . . . relief" presupposes that relief was awarded in the first instance. "The prevailing party in a declaratory judgment action subsequently may seek *further* relief." Alexander & Alexander, Inc. v. Van Impe, 787 F.2d 163, 166 (3d Cir. 1986) (emphasis in original). See Horn & Hardart Co. v. National Rail Passenger Corp., 843 F.2d 546, 549 (D.C. Cir. 1988) ("Indeed, the very language of § 2202 indicates that the *prevailing* party in a declaratory judgment may seek further relief in the form of damages or an injunction. Federal and state cases, moreover, have utilized § 2202, or its state counterparts, to award damages at a later date to parties who have earlier *succeeded* at the declaratory judgment stage.") (emphasis added; citations omitted); see also American Forest Resource Council v. Shea, 172 F.Supp.2d 24, 29-30 (D. D. C. 2001). Here, plaintiff cannot in any sense be deemed to have "prevailed" or "succeeded" in her efforts to obtain declaratory relief, so as to warrant further proceedings flowing from the final judgment in

this case. Rather, years ago, plaintiff's complaint seeking declaratory judgment was dismissed for failure to state a claim upon which relief could be granted, and that judgment of dismissal was affirmed on appeal to the Sixth Circuit. Plaintiff has not demonstrated any viable grounds for resurrecting the matter at this late date.

Accordingly, the Magistrate Judge recommends that plaintiff's "Motion to Reopen Case and Enforce Findings of Declaratory Judgment and/or Reduce Findings to an Order or Vacate Order" (Docket Entry No. 145) be DENIED, and that all subsequently filed motions in this matter be DENIED as moot.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 19th day of September, 2013.

                                                  s/ John S. Bryant
                                                  JOHN S. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE